RAYMOND M. KETTINGER, ADMINISTRATOR OF THE ESTATE OF MAUD
HELEN KETTINGER, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed November 28, 1922.*

RESPONDEAT SUPERIOR—*when State not liable.* The State is not liable
for injuries sustained by its employees while in the performance of their
duty.

SOCIAL JUSTICE AND EQUITY—*when award will be made.* While there is
no legal liability against the State, where claimant is injured while in the
performance of her duty, the Court will as a matter of social justice and
equity enter an award in her favor.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Raymond M. Kettinger, administrator of
the estate of Maud Helen Kettinger, deceased, on account of injuries
sustained by his intestate while employed as a housekeeper at the Wom-
en's Dormitory of Illinois State Normal University, at Normal, Illinois,
which injuries later caused the death of decedent.

To this declaration, the Attorney General, has demurred generally
and specially and has filed brief and argument.

A stipulation was entered into by and between parties of the suit,
consenting that the letters attached thereto, might be considered in evi-
dence, as fully as if they had been introduced in evidence by proper
legal proceedings.

The facts in the case, as disclosed by the evidence, that decedent
was a housekeeper at the Women's Dormitory of the Illinois State Normal
University at Normal, Illinois, at a salary of $90.00 per month, and
maintenance. That on the 15th day of November, 1921, while in said
dormitory, going to supper, "she tripped and fell in the hall, breaking
her left hip," that on November 18th, she was taken to Brokaw Hos-
pital in Normal, Illinois, where she received medical attention from Dr.
F. C. McCormick, and the services of a special nurse, who was paid by
deceased. She remained there until December 24th, 1921, when she was
removed to her room at the dormitory, where she received personal care
of friends and relatives. On January 30th, 1922, she arose from her
bed, and got upon crutches, and fell, breaking her right (other) hip. It
is not clearly disclosed by the evidence whether the nurse or attendant
was then present. February 2, 1922, she died as a result of the injuries
received in this last fall. David Felmy, president of the College in his
affidavit, admitted by agreement, in evidence, states that the deceased
was housekeeper in said institution; that amongst other things, it was

—17 C C

her duty to purchase supplies, employ the needed help in the hall, and supervise all service rendered by such employees. That, among her duties, was also the supervision of the work of the laundress, who operated the laundry machine, which was a steam laundry, with modern laundry machinery, including a steam washer, centrifugal drying machine, and mangle, that she had supervision of the ice machine, all of which machinery is driven by electric motors.

The claim is filed for the recovery of the total amount stated to be due for compensation under the Workmen's Compensation Act for the period of total incapacity, for necessary hospital, medical and nurse bills, amounting to ten hundred seventy dollars, thirteen cents, as claimed by the attorney for the plaintiff, in his argument and brief. But the bill of particulars sets forth claim for the following items, viz:

| | |
|---|---:|
| Brokaw Hospital bill.....................................$ | 351.13 |
| Miss Gaines, 10 days special nurse......................... | 60.00 |
| Miss Albers, special nurse ................................ | 222.00 |
| Dr. McCormick ......................................... | 198.00 |
| Dr. Bian .............................................. | 12.00 |
| Dr. Chapin ............................................ | 25.00 |
| Dr. Gailey ............................................ | 25.00 |
| Funeral and Burial Expenses............................. | 150.00 |
| Compensation during period of total incapacity for 12 2-7 weeks and $14.00 week, less compensation, paid by Fell Hall ............................................... | 127.00 |

Total amount due ........................................$1,170.13

But, as above stated, the attorney for claimant asks for an award of only $1,070.13. Mr. Britton, Assistant Attorney General makes a vigorous and able argument against the allowance of this claim or any part thereof, contending that the State is not liable under any section of the Workmen's Compensation Act; and that if it were liable under such Act, that it was not liable in this case under section 8, as contended by counsel for claimant, as the employment as shown by the evidence is not extra hazardous.

This Court has repeatedly held that the State is not liable for damages in such cases and the demurrer to said cause is sustained, but in the interest of social justice and equity and good conscience, we have decided to recommend that the Legislature make an appropriation for claimant in the sum of eleven hundred seventy and 13/100 dollars to be applied on the aforesaid expense bills.